# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 97-4112

No. 98-1978

_____

| | | |
|---|---|---|
| Chinyere Jenkins, by her next friend, Joi Jenkins; Nicholas Paul Winchester-Rabelier, by his next friend, Paula Winchester; Margo Vaughn-Bey, by her next friend,  Franklin Vaughn-Bey; Nicholas C. Light, by his next friend, Marian Light; Stephon D. Jackson, by his next friend, B. J . Jones; Travis N. Peter, by his next friend, Debora Chadd-Peter; Leland Guess, by his next friend, Sharon Guess; | * * * * * * * * * * * | |
| Plaintiffs - Appellees | * * * | Appeals from the United States District Court for the Western District of Missouri. |
| American Federation of Teachers, Local 691, | * * * | |
| Intervenor | * * | |
| v. | * * | |
| State of Missouri; Mel Carnahan, Governor of the State of Missouri; Bob Holden, Treasurer of the State of Missouri; Missouri State Board of Education; Peter Herschend, Member of the Missouri State Board of Education; Thomas R. Davis, Member of the Missouri State Board of | * * * * * * * * | |

Education; Robert E. Bartman,      *
Commissioner of Education of the      *
State of Missouri; Rice Pete Burns,      *
Member of the Missouri State Board of      *
Education; Sharon M. Williams,      *
Member of the Missouri State Board of      *
Education; Betty Preston, Member of      *
the Missouri State Board of Education;      *
Jacquelline Wellington, Member of the      *
Missouri State Board of Education;      *
Russell Thompson, Member of the      *
Missouri State Board of Education;      *
     *

        Defendants - Appellees      *

     *

School District of Kansas City; Terry      *
M. Riley, Member of the Board of      *
Directors; Lance Loewenstein, Member      *
of the Board of Directors; Marilyn      *
Simmons, Member of the Board of      *
Directors; Sandy Aguire Mayer,      *
Member of the Board of Directors;      *
John A. Rios, Member of the Board of      *
Directors; Darwin Curls, Member of      *
the Board of Directors; Patricia Kurtz,      *
Member of the Board of  Directors;      *
Edward J. Newsome, Member of the      *
Board of Directors; Henry D. Williams,      *
Superintendent; John W. Still, Member      *
of the Board of Directors,      *
     *

        Defendants - Appellants.      *

_____

Submitted:  July 9, 1998
Filed:  October 19, 1998

_____

Before McMILLIAN, HEANEY and JOHN R. GIBSON, Circuit Judges.
_____

JOHN R. GIBSON, Circuit Judge.

The question before us is whether the State of Missouri or the Kansas City, Missouri School District should be liable for the Jenkins' class's attorneys' fees and expenses incurred in litigation in the district court between the date of the district court's order approving the settlement agreement and the expiration of any right to further appeal from that order. Because the district court's order holding KCMSD liable is predicated on an interpretation of the settlement agreement in direct conflict with our earlier interpretation of the same agreement, we reverse and order that the fees and expenses be paid by the State. We remand to the district court for further development of the record on the issue of whether to award fees to compensate the Jenkins class for the services of experts engaged in monitoring activities.

## I.

On March 25, 1997, the district court simultaneously denied the State's motion to have the KCMSD declared unitary and approved a settlement agreement between the State and the KCMSD permitting the State to satisfy any further obligations to the KCMSD in the Jenkins litigation by the payment of $320 million. Jenkins v. Missouri, 959 F. Supp. 1151 (W.D.Mo. 1997). We affirmed. Jenkins v. Missouri, 122 F.3d 588 (8th Cir. 1997) (Jenkins XIV).

After approval of the agreement, the State moved the district court for a declaration that it would not be liable for any further Jenkins class attorneys' fees incurred after the date of the district court's approval of the settlement. The State argued that it was no longer liable to do anything other than pay the $320 million agreed to in the settlement. In an opinion issued on October 2, 1997, the district court

interpreted the agreement to relieve the State of liability for the Jenkins class's fees: "The language of the Order and the Agreement indicate that court-approval was based upon on [sic] an understanding that, although the State remained substantively liable on the merits, it would fulfill its remaining remedial duty to the plaintiffs solely through the payments set out in the Agreement." Order of October 2, 1997, slip op. at 13-14. The district court acknowledged the settlement agreement's paragraph nine, which provides that the agreement would not become effective until after appeals were exhausted. However, the court annulled paragraph nine under Rule 60(b), citing Rufo v. Inmates of Suffolk County Jail, 502 U.S. 367 (1992). Slip op. at 17-19. The court therefore held that any compensable fees incurred by the Jenkins class after the date of the district court's approval of the settlement must be paid by the KCMSD, not the State. However, the court ruled that the State should be liable for the Jenkins class's fees if those fees arose from legal controversies initiated by the State. Slip op. at 18.

Shortly thereafter, we had occasion to interpret the settlement agreement, and we reached the opposite result from the district court's holding. On August 26, 1997, the Jenkins class had asked us to hold the State liable for the class's attorneys' fees incurred in the appeal of the joint unitariness and settlement order. Jenkins v. Missouri, 131 F.3d 716, 718 (8th Cir. 1997) (Jenkins Fees VIII).[1] In Jenkins Fees VIII, the State argued that the terms of the settlement released it from liability except the obligation to pay $320 million. The State contended that only the KCMSD could be liable for any further Jenkins class attorneys' fees. In an opinion filed December 1, 1997, we rejected the State's argument on two grounds: first, that the terms of the agreement releasing the State from liability provided that the agreement would not be effective until all appeals were exhausted, which they were not; and second, that the agreement did not release

---

[1]Although the district court issued its October 2, 1997, order while the Jenkins Fees VIII matter was pending, the parties did not bring the October 2 order to our attention. Because of the extensive filings in this case, it has not been our practice to routinely monitor district court orders which have not been appealed.

-4-

the State from liability until it had paid the $320 million, which it had not yet done. 131 F.3d at 720.[2] We held that the State was therefore still liable on the merits notwithstanding the agreement to release it from liability at a later time. We further held that the agreement itself did not purport to affect the State's established liability for attorneys' fees as long as the State continued to be liable on the merits. Accordingly, we held the State liable for the Jenkins class's fees. Id.

After our opinion, the issue of the State's liability for fees was again presented to the district court. The Jenkins class sought fees from the State for monitoring, implementing, and enforcing the desegregation decree from April through September 1997. The district court acknowledged our Jenkins Fees VIII decision, but nevertheless adhered to its own contrary reasoning concluding that the State was released from liability for fees after the date the district court approved the settlement agreement. The district court stated:

> The Eighth Circuit suggested that the Agreement became effective as of the date that it affirmed Judge Clark's approval of the Agreement. However, the Eighth Circuit's opinion entirely omitted any discussion of this Court's October 2nd Order. The omission suggests that, when the Eighth Circuit issued its December 1st opinion, it was unaware of this Court's reasoning for releasing the State from liability as of March 25, 1997. Consequently, this Court is hopeful that the Eighth Circuit will change its position . . . .

Order of March 19, 1998, slip op. at 11. Accordingly, the district court awarded the Jenkins class part of the requested fees, but ordered the KCMSD to pay them, with the

---

[2]We said: "First, the fees were incurred by the Jenkins Class before the action of this court in affirming the approval of the Agreement, and secondly the final act that concludes liability of the State, the payment of the amounts due under the Agreement, has not yet occurred." 131 F.3d at 720.

exception of one matter in which the court found the State had "initiated" legal activity. Id. at 14.

The KCMSD appeals from the district court's award of fees against it in contravention of our decision in Jenkins Fees VIII. In defense of the district court's order, the State argues that the court awarding fees has the discretion to allocate fees among the defendants, and that a difference in the allocation arrived at by the district court and this court does not indicate error, but merely demonstrates the leeway inherent in exercising discretion.

It is true that the allocation of attorneys' fees among defendants under 42 U.S.C. § 1988 involves the exercise of discretion. See Jenkins v. Missouri, 838 F.2d 260, 267 (8th Cir. 1988) (Jenkins Fees I), aff'd , 491 U.S. 273 (1989). Nevertheless, "[a] district court by definition abuses its discretion when it makes an error of law." Koon v. United States, 518 U.S. 81, 100 (1996). In this case, the district court's decision to award fees against the KCMSD rather than the State was based on a legal error. The district court first annulled a provision of an agreement after we had approved the agreement in its entirety. Then, after we had ruled specifically on the question of attorneys' fees under the agreement, the district court rejected our interpretation and holding, and based its fee award on a contrary interpretation of the agreement. This was not a permissible exercise of discretion. The district court's rulings were premised on a conclusion of law at odds with our opinion in Jenkins Fees VIII. We need hardly say that where the district court's view of the law conflicts with ours, our view must prevail.

The State further argues that the district court was entitled to modify its earlier decision approving the settlement agreement, in order to take into account a change in circumstances rendering unjust the enforcement of the earlier decision approving the settlement (citing Booker v. Special School Dist. No.1, 585 F.2d 347, 352 (8th Cir. 1978), cert. denied, 443 U.S. 915 (1979)). A situation that was foreseen at the time the parties entered an agreement is not ordinarily a ground for modifying the decree based

on the agreement.  Rufo, 502 U.S. at 385.  We held in Jenkins Fees VIII that the State's continued liability for fees was an obvious result of the settlement agreement's failure to change the status quo regarding fee liability. 131 F.3d at 720 ("[W]hen the State and the KCMSD entered into an agreement to settle the claims and conclude the payments for the remedy, we cannot believe that fee litigation was a consideration that would escape their attention.  The State and the KCMSD could have specifically dealt with this issue had they so chosen, but they did not do so.")  There is no change in fact or law warranting modification of the agreement, and the district court's conclusion to the contrary was based on an erroneous construction of the settlement agreement.

We therefore reverse the district court's orders holding that the State is released from liability for the Jenkins class's fees and expenses as of the date of the district court's approval of the settlement and annulling paragraph nine of the settlement agreement. Though the agreement would perhaps support continued liability for fees until the State has paid its $320 million and retired from the case, the KCMSD conceded at oral argument that the State should be released for fees incurred after November 10, 1997, the date on which the right to petition for writ of certiorari expired.  We order that the fees and expenses be assessed against the State.

## II.

The district court awarded the Jenkins class fees for the services of two educational "consultants," Dr. Judith Gouwens and Dianne Seltzer.  Although Dr. Gouwens served as an expert witness on issues relating to the Missouri City voluntary interdistrict plan, the Jenkins class argues that it has separated out and excluded from the fee request the expenses for her testimonial services.  The class argues that the services for which it obtained a fee award were non-expert "monitoring" services, comparable to services ordinarily provided by paralegals.

In deciding to award the fees, the district court relied on the earlier decision of Judge Clark allowing similar fees earlier in this case. Order of March 19, 1998, slip op. at 22. We initially affirmed Judge Clark's award, see Jenkins v. Missouri, No. 97-2626, 121 F.3d 712 (8th Cir. Aug. 14, 1997) (table) (Jenkins Fees VII), but our order was first vacated by a grant of rehearing en banc, 133 F.3d 559 (8th Cir. 1997), and then mooted by the Jenkins class's withdrawal of its claim. 133 F.3d 560 (8th Cir. 1997) (en banc).

The parameters of the question before us are set by West Virginia University Hospitals, Inc. v. Casey, 499 U.S. 83, 101 (1991), which held that expert fees could not be shifted to the losing party under section 1988, and Missouri v. Jenkins, 491 U.S. 274, 285 (1989), which held that a reasonable attorney's fee under section 1988 "should compensate the work of paralegals, as well as that of attorneys." Congress amended section 1988 after Casey to authorize the award of expert fees in cases brought under 42 U.S.C. §§ 1981 and 1981a, Pub. L. No. 102-166, § 113(a)(2), 105 Stat. 1071, 1079 (1991), but that amendment does not affect this section 1983 case.

The Jenkins class does not argue that Casey permits the award of expert fees in certain situations, but instead argues that the services for which it sought compensation were not expert services, but rather the sort of information gathering which is often performed by paralegals. The class argues that it should not be penalized for assigning these tasks to persons who happened to be educational experts, when the same services would be compensable had they been performed by paralegals.

Review of the record does not supply the needed information for evaluating the Jenkins class's argument. The fee application did not include time sheets for Gouwens and Seltzer, such as the class routinely includes for its paralegals. Instead, the application listed their fees as "expenses," itemized as follows: "6/30/97 Monitoring assistance of Judy Gouwens and Dianne Seltzer to counsel: gathering data by systematic observations in all classrooms at Lincoln College Prep and Missouri City

-8-

and writing analysis of data; analysis of KCMSD's new curriculum with respect to materials needed for its [i]mplementation. (MO City $1500.00)    $6,963.07." The application did not list an hourly rate so that the court could determine whether Gouwens and Seltzer were compensated at a rate commensurate with paralegal fees, or whether they were actually paid for their expertise.  Nor does the information provided discuss in detail the work actually done by Gouwens and Seltzer.  With only skeletal information about the duties performed and no information about hourly rates, we are unable to evaluate the Jenkins class's argument that these fees fall within the category permitted by the Supreme Court's <u>Jenkins Fees</u> case, rather than the category excluded by <u>Casey</u>.  We therefore remand for development of a record that would permit the district court to assess the Jenkins class's claim that the fees are compensable.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.